## Bianchi *v*. el Ayuntamiento de Añasco.

## Apelación procedente de la Corte de Distrito de Mayagüez.

No. 155.   Resuelto en Mayo 23, 1905.

OBLIGACIONES.—CORPORACIÓN MUNICIPAL.—TERCEROS.—Entre los actos que, según la ley está prohibido ejercitar á los Ayuntamientos, no se encuentra el de contraer un simple préstamo con particulares, mas si se estimare prohibido por el inciso 3, de la regla 3, del art. 89, de la Ley Municipal, sus efectos no alcanzarán al tercero que libre y honradamente intervino en un contrato con el Ayuntamiento, sino á los concejales que votaron el acuerdo por virtud del cual se contrajo la obligación.

ID.—La responsabilidad de un Ayuntamiento al pago de una cantidad recibida de un tercero en concepto de préstamo, debe necesariamente ser reconocida por virtud del principio general de que nadie puede enriquecerse con perjuicio de otro.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Falcón.*

Abogado del apelado: *Sr. Acuña* (Eduardo).

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

La presente es una reclamación sobre cobro de pesos promovida en la forma de juicio declarativo ante la Corte de Distrito de Mayagüez por Don Francisco Bianchi Rosafá contra el Ayuntamiento de Añasco, con fecha siete de Marzo de mil novecientos dos. El asunto fué tramitado en dicha Corte, la que finalmente dictó la siguiente sentencia:

"En la Ciudad de Mayagüez á veinte y cuatro de Noviembre de mil novecientos tres.—Visto en juicio oral y público este pléito declarativo ante este Tribunal entre partes de la una como demandante Don Francisco Bianchi y Rosafá, mayor de edad, soltero y vecino de Añasco, representado y dirigido por el Letrado Don José de Diego; y de la otra como demandado el Ayuntamiento de Añasco, á quien representó en un principio el Letrado Don Luis Campillo y continuada la representación y dirección por el Abogado Don Robustiano Biaggi, sobre cobro de pesos.

1o.   Resultando: que el actor funda su demanda en que para

cubrir determinadas atenciones, facilitó en el año mil ochocientos noventa y ocho al Ayuntamiento de Añasco la suma de tres mil pesos moneda provincial, cuyo pago había de realizarse á razón de mil pesos provinciales cada año empezando por el referido mil ochocientos noventa y ocho, según acuerdo del Ayuntamiento en sesión de seis de Abril del propio año: que acordado el préstamo bajo la base de que el Ayuntamiento había de constituir en aseguranza del pago hipoteca sobre el edificio destinado á casa Consistorial, la Corporación acordó en sesión á cinco de Agosto de mil ochocientos noventa y ocho, comisionar á su Alcalde Presidente Don Francisco Figueroa para que otorgase á favor del acreedor Sr. Bianchi en tanto descendía la autorización gubernativa para el contrato, conforme al artículo 89 de la Ley Municipal, la correspondiente escritura de promesa de hipoteca, la cual se celebró en esta Ciudad ante el Notario Don Mariano Riera Palmer á diez de Agosto de mil ochocientos noventa y ocho; que por los trastornos ocurridos en la esfera gubernativa por el cambio de soberanía dejaron en suspenso el curso de la autorización solicitada; que el importe del primer plazo fué satisfecho con cierta demora; pero rendidos los otros dos plazos capitulados en la escritura, la Corporación no quiso pagar cantidad alguna á cuenta, ascendentes dichos plazos á mil doscietos dollars.

2o.—Resultando: que admitida la demanda y dado traslado de ella al Ayuntamiento de Añasco por medio de su Alcalde Presidente Don Agustín Pesante éste la contestó con aquel carácter, en el sentido de que aceptaba los hechos de la demanda con la modificación de que la cantidad percibida por el Ayuntamiento fué la de dos mil novecientos cincuenta y siete pesos provinciales, y no la de tres mil que reclama el actor; y que del hecho cuarto se desprendía que ni Bianchi ni el Ayuntamiento habían legalizado la obligación del préstamo: que habiendo llegado á oídos de algunos de los miembros de la Corporación que el referido Ayuntamiento adeudaba al susodicho Sr. Bianchi una cantidad algo crecida, ordenó se hiciera una investigación y aún cuando de ella resultara cierta la existencia de la deuda pero la operación no reunía los requisitos de las leyes, y acordó que no se pusiera en inventario á fin de no incurrir en las responsabilidades contraídas por los que en la fecha de efectuarse esa operación formaban parte del Municipio; que no queriéndose perjudicar al Sr. Bianchi, el Ayuntamiento acudió en consulta al Hon. Tesorero de Puerto Rico, el que contestó entre otras cosas referentes á la consulta, en primero de Agosto de mil novecientos, "que la entidad Ayuntamiento contrajo un em-

préstito que pesa sobre el presente Concejo, en el caso de que hubiera sido legalmente contratado, mediante la necesaria autorización superior'', de lo que se desprendía que no habiéndose efectuado esa operación con las formalidades legales, no podía satisfacerla el Ayuntamiento: que por otra comunicación del Hon. Tesorero se vió que así mismo el Sr. Bianchi había acudido á la superioridad, puesto que se solicitaron por dicho Tesorero los documentos relacionados con ese empréstito y que á pesar de el tiempo transcurrido desde la última comunicación, ninguna resolución recayó sobre dicho empréstito, viéndose con sorpresa el Ayuntamiento demandado por el Sr. Bianchi por la suma de mil doscientos dollars, cuando el Ayuntamiento estima ser su importe el de mil novecientos cincuenta y siete pesos provinciales, error que supone sea material, pues también aparece otro en el escrito de demanda, cual es el de cobrarse el importe total del crédito, según la copia de la demanda; y que el Ayuntamiento mientras no recibiera autorización de la superioridad no podía proceder al pago de la cantidad reclamada, por no estar autorizado por la ley y haber sido constituído dicho préstamo con infracción del artículo 89 de la Ley Municipal, haciéndose caso omiso de lo dispuesto por el Real Decreto de 4 de Enero de 1883.

3o. Resultando: que señalado día y hora para la comparecencia á prueba, solicitada por ambas partes, éstas concurrieron á aquel acto y propusieron la documental y testifical, y admitidas como pertinentes las aludidas pruebas, las que se practicaron con citación contraria menos la testifical para el acto del juicio oral.

4o. Resultando: que en el acto de la celebración del juicio oral al que concurrieron los Letrados de ambas partes y procedido á la práctica de la prueba del actor, el testigo Francisco Figueroa á preguntas del Letrado de dicha parte dijo: que en el año noventa y ocho fué Alcalde del pueblo de Añasco y recuerda que el Ayuntamiento del mismo tuvo que contraer un préstamo con Don Francisco Bianchi: que en esa época estaba pendiente una deuda con el de esta Ciudad sobre Cárceles, ascendentes á 7000 y pico de pesos para el pago de la cual esta última Corporación embargó la casa Consistorial y la en que se encontraba la Carnicería, que después de varios abonos solo se le quedó á deber tres mil pesos por cuya cantidad siguió la ejecución adelante: que notificado el declarante en su carácter ya indicado, dió cuenta al Ayuntamiento que presidía ocirdándose que una comisión saliese en busca de recursos, la cual se entrevistó con el Sr. Bianchi quien dijo que previa una

garantía no tenía inconveniente en facilitar aquella cantidad, como en efecto lo hizo, prometiéndole el Ayuntamiento hacerle una hipoteca y para ello se pidió autorización á la Diputación Provincial entonces, y antes de venir se hizo constar en el documento la toma del dinero y la promesa de hipoteca; á preguntas del Letrado Sr. Biaggi dijo: que el préstamo se llevó á cabo sin la previa autorización de la Diputación Provincial; y á preguntas del Tribunal dijo: que los hechos á que se venía refiriendo ocurrieron en el año noventa y ocho, cuando el declarante era Alcalde de Añasco; que no recuerda si en aquella época el Ayuntamiento de dicho pueblo tenía autorizació para concertar préstamo; que la hipoteca á que se refirió antes no se llevó á cabo porque no vino la autorización de la Diputación, no dándose al Sr. Bianchi ninguna garantía por no haberse obtenido el permiso; que el Ayuntamiento recibió de Bianchi los tres mil pesos, le abonaron mil y le quedaron á deber dos mil y sus intereses; la prueba documental ambos Letrados la dejaron á la consideración de la sala; y concedídales la palabra. expusieron en su informe oral todo lo que estimaron pertinente al derecho de sus respectivos patrocinados quedando el juicio concluso para sentencia.

5o. Resultando: que en el día y hora señalados fué votada públicamente la sentencia habiéndolo sido por unanimidad de los Sres. Jueces.

6o. Resultando: que en la sustanciación de este juicio se han observado las formalidades de la ley.

Visto: siendo Ponente para la redacción de esta sentencia el Sr. Juez Instructor Don Angel García Veve en sustitución de Don Enrique González Dader.

1o. Considerando: que entre las prohibiciones que determina la Ley á los Ayuntamientos no se encuentra la de contraer un simple préstamo con particulares y si existe la misma por virtud de comprenderse en el inciso 3o. de la regla 3ra. del artículo 89 de la Ley Municipal el préstamo generoso hecho por Don Francisco Bianchi en momentos difíciles para el Ayuntamiento de Añasco apremiado por otro acreedor, esa prohibición alcanzará á los Concejales que tomaron parte en el acuerdo pero no á un tercero que interviene libre y honradamente en el contrato.

2o. Considerando: que las responsabilidades de los Ayuntamientos en la órbita de su jurisdicción, si las han contraído no pueden nacer sino del cumplimiento de sus deberes pero los actos que se celebren con un tercero no pueden menos de ser reconocidos con

mayoría de razón cuando con posterioridad ha sido expresamente confirmado, haciéndose pago del crédito que ahora no quiere reconocer la Corporación que lo hizo ó contrajo.

3o. Considerando: que es un principio general que nadie puede enriquecerse con perjuicio de otro y de no disponerse el pago de la cantidad prestada por Bianchi al Ayuntamiento de Añasco, se autorizaría el enriquecimiento de éste con daño del Sr. Bianchi.

Vistas las disposiciones citadas y la Orden General No. 118 serie de 1899.

Fallamos que declarando con lugar la demanda interpuesta por Don Francisco Bianchi, debemos condenar y condenamos al Ayuntamiento de Añasco á que dentro del quinto día satisfaga la cantidad reclamada ascendente á mil doscientos dollars, intereses legales y costas.

Así por esta nuestra sentencia los pronunciamos, mandamos y firmamos.

Arturo Aponte.—J. A. Erwin.—Angel García.

Contra esa sentencia interpuso apelación la representación de la parte demandada, la cual presentó un brief haciendo una relación de los hechos en el caso y exponiendo los fundamentos de su apelación, con la solicitud de que se revocara la sentencia inferior. La parte contraria presentó un alegato manifestando estar conforme con la relación de hechos de apelante é impugnando el recurso por los siguientes fundamentos:

Primero.—Que el requisito de la previa autorización de la Diputación Provinvial, exigido por el artículo 89 de la Ley Municipal de treinta y uno de Diciembre de 1896, se contrae, según términos expresos del párrafo primero de dicho artículo, á contratos que envuelvan enagenación ó permuta de bienes municipales; y el celebrado entre recurrente y recurrido, originario de la acción reclamada, como limitado á una simple promesa de hipoteca en garantía de cantidad entregada, al no producir acción real ni mixta sobre bienes inmuebles, y sí tan solo personal contra el promitente, no puede decirse que envuelve concepto alguno de enagenación; no siéndole por tanto aplicables los preceptos del citado artículo.

Segundo.—El contrato de referencia, aunque produjo ingresos para el Municipio de Añasco, no necesitó de la formalidad de la subasta

pública exigida por real decreto de cuatro de Enero de mil ochocientos ochenta y tres, en razón á su condición de urgente; caso de excepción taxativamente determinado en el artículo 36 del mismo real decreto; resultando demostrada por modo evidente esa condición de urgencia de la propia causa determinante de dicho contrato, ó sea de la necesidad en que se encontraba el municipio de salvar su casa Ayuntamiento del apremio que se le seguía por gastos carcelarios.

Tercero.—Que aún admitiendo que las disposiciones legales citadas por el recurrente sean aplicables al contrato de referencia, la falta de previa autorización y subasta determinarán en todo caso la nulidad de la promesa de hipoteca, pero nunca la de la obligación que el Municipio contrajo de devolver á Bianchi la cantidad de él recibida; por cuanto dicha obligación nace del recibo de la cantidad, no de la promesa.

Cuarto.—Que en el último término, aún alcanzando también al préstamo los efectos de la nulidad, el Municipio recurrente viene obligado á devolver por vía de restitución lo que recibió y sus intereses, de acuerdo con lo estatuído en el artículo 1303 del Código Civil antiguo (1270 del Revisado) que imponen esa obligación á los contratantes cuando se declara la nulidad de una obligación.''

En cinco del presente mes llevose á cabo la vista del recurso, sin que á ella asistieran las partes.

Estamos conformes con la sentencia dictada por la Corte de Distrito y con las razones alegadas por el apelado en su alegato escrito y que han sido transcritas; y, por lo tanto, somos de opinión que debe confirmarse la sentencia apelada con las costas á la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.